Cabe, J.
These claims are founded on the 67th section of the tobacco inspection law; and, as it is agreed that the tobaccos for which the chancellor has given the appellees a decree, were in the warehouse and consumed with it, there could be no doubt as to the liability of the commonwealth to pay for them, but for the 3rd section of the act. It is agreed, that for the three successive years preceding the fire, this house had not received tobacco enough to pay the warehouse rents and salaries of the inspectors; yet that no step had been taken to discontinue the inspection, but on the contrary, that for those years inspectors had been regularly recommended by the county court, and commissioned by the executive. Under this state of things, the attorney general insisted, that the inspection was ipso facto discontinued by the law, and could not be kept up by the improper conduct of the county court in recommending inspectors, or of the executive in commissioning them. But I cannot ■think so. It has long been the policy of the commonwealth *247 to take into her own hands the regulation of this staple; and . , , , , . , i • • many are the laws, and various the duties and penalties unposed, all having for their object, the improvement of that article, and the benefit and security of those who make and those who deal in it. A number of public warehouses are erected, to some one of which all tobacco must be carried. There it is to be inspected by officers, appointed, commissioned and paid by the public, and there it is to remain, the inspectors giving receipts describing each hogshead, and binding themselves to deliver it to the owner or his order when demanded for exportation; with many other regulations which it is needless to enumerate. The 3d section, which enacts that warehouses not receiving tobacco enough to pay the rent and salaries of the officers, shall be discontinued, is made for the benefit of the commonwealth, that she may not be burdened, in such cases, with the payment of these expenses. The returns directed to be annually made, both to the county courts and the executive, enabled these bodies to ascertain at any time, when under this 3rd section, a warehouse was to be put down; and the regular way to effect this, was to omit the appointment of inspectors. This would at once give notice to the planters, that there was no longer an inspection at the place, and" they would take their tobacco elsewhere. But so long as they found the inspection in full operation, the officers attending and doing business as usual, they had occasion to look no further, and would never dream of going to the county court to find out whether the receipts of the warehouse paid the expenses. I think, therefore, that wherever the inspection was kept up by the commonwealth, she was bound to pay the planter for any tobacco deposited there, and lost by fire, if it had not been stored more than twelve months.
The question of interest remains to be considered. It has been several times discussed, whether the commonwealth is liable to pay interest on claims against her; but, as a general doctrine, I do not think it has been decided exactly on what footing she stands in this respect. In the *248 case of Markham v. Lilley, interest was refused, not on gengraj grounc]S) but because of the intrinsic difficulty of the questions, which was thought to excuse the government from the imputation of any wrongful delay in refusing to satisfy the claims, without a judicial decision. As there are only three, judges present, I think it safest to pass by the general question for the present, and to decide this point on the particular circumstances of this case. And I am of opinion, that they are such as justified the auditor in referring this matter to the decision of the courts; and, consequently, that no interest ought to be given.
Cabell, J. concurred.
Tuckeb, P.
Two questions are presented for the consideration of the court in this case: 1. Is the commonwealth responsible for the demand of the petitioners ? and if it be so, 2. Is the commonwealth bound to pay interest upon the sum which may be found to be due ?
The demand arises under the 67th section of the tobacco inspection law; and the commonwealth’s exemption from liability is claimed under the 3rd section of the same law. Upon the agreed state of the facts of the case, I am clearly of opinion, that the commonwealth is liable for the tobacco of the claimants. The provision of the law does not, in my conception, operate ipso facto a discontinuance of the warehouse. It is merely directory to the functionaries of the'government. So long as they continued to appoint inspectors of the warehouse, so long were the tobacco planters justified in looking upon the establishment as a public establishment. The discontinuance of the warehouse was to depend upon the state of the accounts; upon a comparison between the disbursements and receipts; a comparison which it was the duty either of the county court or of the executive (both of which were in possession of the returns) to make, before each annual appointment of inspectors. It could not have, been the design of the act, that every to *249 bacco owner should, before bis deposit in a warehouse es- „ . tablished by law, go to the records oí the county court, or to those of the government in Richmond, and examine into the state of accounts. Such a regulation would have been attended with embarrassments not to be long endured, and the loss, as the owners of tobacco are compelled, nolens nolens, to deposit it in some public warehouse, previous to exportation.
The question relating to interest is more important, and not so clear. It is contended, that the commonwealth engages by the statute, that she will malee good the loss of tobacco sustained by the owner; that she discharges the inspectors and assumes their responsibility; and that as the inspectors would have been liable to interest, the commonwealth must be so. But I am of opinion, that, whatever may be the general principle, interest ought not to be allowed in this case.
Decree reversed, as to so much thereof as allowed interest, and affirmed as to the residue.